9 F.3d 1551
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard C. HARRIS, M.D.; William M. Burget, M.D.; Patrick
D. Meyer, M.D. Michael E. Kepler, Trustee for the Estate of
Patrick D. Meyer, aka/dba Astoria Clinic, Bankruptcy No.
MM788-02652; Gary M. Boelling, M.D.; Tzu Sung Chiang,
M.D.; Leigh C. Dolin, M.D.; Jerome Shank, Trustee for the
Estate of Leigh C. Dolin, M.D., Bankruptcy No. 389-32581, et
al., Plaintiffs-Appellants,
v.
ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Minnesota
Corporation, Defendant-Appellee.
 No. 91-36151.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 31, 1993.
Decided Oct. 14, 1993.
 
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 As a matter of Oregon law, the covenant not to sue between Dr. Timothy Patrick and Columbia Memorial Hospital settled none of Patrick's claims against plaintiffs, including claims based on plaintiffs' actions as Columbia's agents, because the covenant specifically reserved all of Patrick's rights against plaintiffs. See Holger v. Irish, 834 P.2d 1028, 1030 (Or.Ct.App.1992) (clause generally settling claims failed to override another clause specifically reserving all rights against a particular party), aff'd, 851 P.2d 1122 (Or.1993); see also Stanfield v. Laccoarce, 588 P.2d 1271, 1278 (Or.1978) (express reservation of plaintiff's rights against parents, thereby negating any intent to release them, barred parents from invoking release in defending against plaintiff's suit).
 
 
 3
 St. Paul's efforts to avoid the Oregon Court of Appeals's Holger decision are unavailing. The Oregon Supreme Court affirmed on other grounds but nothing in that court's decision casts doubt on the court of appeal's resolution of the covenant issue. In the absence of any reason to believe the Oregon Supreme Court would decide that question differently, we look to the intermediate court's decision for guidance. See, e.g., Insurance Co. v. Associated Int'l Ins. Co., 922 F.2d 516, 520 (9th Cir.1990) (intermediate appellate state court decisions provide guidance and should not be disregarded in the absence of persuasive data that highest state court would decide an issue differently).
 
 
 4
 The judgment of the district court is reversed and the case is remanded for further proceedings consistent with this decision.
 
 
 5
 REVERSED and REMANDED.
 
 
 
 *
 The parties are familiar with the facts and issues presented; we will not restate them here. This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3